OPINION

ANN CRAWFORD McCLURE, Chief Justice.
J.T.M., a juvenile, appeals from the juvenile court’s adjudication order finding that he engaged in delinquent conduct by possessing less than two ounces of marihuana. After the juvenile court denied his motion to suppress evidence, J.T.M. entered a negotiated plea of true to the State’s petition. In accordance with the parties’ agreement, the court placed J.T.M. on probation for a period of five months. For the reasons that follow, we affirm.
FACTUAL SUMMARY
On October 9, 2011, El Paso Police Officers Jesus Hernandez, III and Paul Mata responded to a drunken disturbance call on Osage Street in El Paso shortly after midnight. When they turned onto Osage, they saw two males, each with a liquor bottle, walking on the sidewalk. After seeing the patrol car, the two males bent down and placed the liquor bottles under a car and continued walking. This behavior caused the officers to suspect that the *460 young men were juveniles and Hernandez stopped the patrol ear. The officers stepped out of the vehicle and Officer Mata said, “Hey, come here.” The young men complied and Mata did a quick pat-down search. Mata retrieved three bottles of vodka from beneath the vehicle. After Mata retrieved the liquor bottles, Hernandez asked how old they were and J.T.M. replied that he was sixteen years of age. The other young man, identified at the suppression hearing only by his first name, was seventeen years old. Hernandez then asked J.T.M. and his friend whether either had any drugs. J.T.M. responded that he had some “weed,” and before Hernandez could do anything else, J.T.M. pulled seven small bags of marihuana out of his pocket and put them on the hood of the patrol car. Mata handcuffed J.T.M. and told him he was under arrest. After removing everything from J.T.M.’s pockets, including a set of car keys, Mata placed J.T.M. in the back of the patrol unit.
Hernandez asked J.T.M.’s friend if they had driven to the area and the friend said they had driven J.T.M.’s Tahoe which was parked down the street. Mata located the vehicle but did not enter it. He walked back to the patrol unit and told Hernandez that he could smell a strong odor of burned marihuana coming from the Tahoe. Mata asked J.T.M. if there was any more marihuana in the car and he replied, “Yes.” Mata believed there would be additional evidence of the offense in the vehicle and testified he intended to search it regardless of J.T.M.’s answer to his question. Mata went back to the Tahoe and opened it using the key. He searched it and found scales, marihuana in two containers, and a camera bag containing $160.
J.T.M. filed a motion to suppress his statements and the evidence seized following an “illegal detention or arrest” and he alleged that the officers had violated his rights to counsel and to remain silent. The juvenile court denied the motion at the conclusion of the hearing. J.T.M. did not request and the juvenile court did not issue written findings of fact and conclusions of law. J.T.M. subsequently entered a plea of true to the petition alleging he had engaged in delinquent conduct by possessing less than two ounces of marihuana and the court placed him on juvenile probation in accordance with the parties’ agreement. J.T.M. reserved the right to appeal the pretrial suppression ruling.
MOTION TO SUPPRESS
In his sole issue on appeal, J.T.M. argues that the court erred by denying his motion to suppress because he was interrogated without first being taken to a magistrate and warned as required by Section 51.095 of the Texas Family Code and Miranda v. Arizona.[1] He further contends that the evidence seized as a result of the improper custodial interrogation, including the marihuana, is inadmissible as fruit of the poisonous tree. He does not raise any Fourth Amendment issues with respect to the warrantless search of his vehicle. Our review is likewise restricted.

Standard of Review

We review a ruling on a motion to suppress using a bifurcated standard of review. Valtierra v. State, 310 S.W.3d 442, 447 (Tex.Crim.App.2010); Guzman v. State, 955 S.W.2d 85, 87-91 (Tex.Crim.App.1997). An appellate court must give almost total deference to the trial court’s assessments of historical fact and conclusions of law with respect to mixed questions of law and fact that turn on credibility and demeanor. State v. Saenz, 411 S.W.3d 488, 494 (Tex.Crim.App.2013); *461 State v. Ortiz, 382 S.W.3d 367, 372 (Tex.Crim.App.2012). In contrast, an appellate court engages in a de novo review of mixed questions of law and fact that do not turn on credibility and demeanor. Saenz, 411 S.W.3d at 494; Ortiz, 382 S.W.3d at 372.
The issue whether J.T.M. was in custody for purposes of applying Miranda is a mixed question of law and fact that does not turn on credibility or demeanor. See Saenz, 411 S.W.3d at 494. Consequently, we apply (1) a deferential standard of review to the trial court’s factual assessment of the circumstances surrounding the interrogation, and (2) a de novo review to the court’s ultimate legal determination that J.T.M. was not in custody. See id.; see also Thompson v. Keohane, 516 U.S. 99,112-13, 116 S.Ct. 457, 465, 133 L.E.2d 383 (1995) (stating that when determining whether a person was in custody for Miranda purposes, an appellate court conducts a factual review of the circumstances surrounding the interrogation and makes an ultimate legal determination whether a reasonable person would not have felt at liberty to leave; the first inquiry is distinctly factual while the second inquiry calls for application of the controlling legal standard to the historical facts; this ultimate determination presents a mixed question of law and fact qualifying for “independent review”). The trial court did not make findings of fact because they were not requested. In this scenario, we view the evidence “in the light most favorable to the trial court’s ruling” and “assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record.” Herrera v. State, 241 S.W.3d 520, 527 (Tex.Crim.App.2007), quoting State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App.2000).

Custodial Interrogation

J.T.M. contends that his statements indicating he was in possession of marihuana and the evidence seized as a result of those statements are inadmissible because the officers failed to administer the warnings required by Section 51.095 of the Texas Family Code. See Tex. Fam.Code Ann. § 51.095 (West Supp.2013). Section 51.095 incorporates the warnings required by Miranda. If an individual is subjected to questioning while in custody without being first warned of his rights and without voluntarily waiving those rights, then any evidence obtained as part of that questioning may not be used against him at trial. See Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). Section 51.095 only applies to a statement made while the child is in the custody of an officer. Tex. Fam.Code Ann. § 51.095(d)(2). Likewise, the requirements of Miranda do not apply unless the accused’s statement is the result of custodial interrogation. Dowthitt v. State, 931 S.W.2d 244, 263 (Tex.Crim.App.1996).
A person is “in custody” if, under the totality of the circumstances, a reasonable person would believe his freedom of movement was restrained to the degree associated with a formal arrest. Stansbury v. California, 511 U.S. 318, 322-24, 114 S.Ct. 1526, 1528-30, 128 L.Ed.2d 293 (1994); Dowthitt, 931 S.W.2d at 254. When the person involved is a juvenile, courts consider his age and all the circumstances surrounding the interrogation to decide whether there was a formal arrest or a restraint of movement to the degree associated with formal arrest. In re J.A.B., 281 S.W.3d 62, 65 (Tex.App.-El Paso 2008, no pet.); In re V.P., 55 S.W.3d 25, 31 (Tex.App.-Austin 2001, pet. denied). An appellate court determines custody based on objective circumstances, and any subjective intent of law enforcement offi *462 cers to arrest is irrelevant unless that intent is communicated or otherwise manifested to the suspect. Stansbury, 511 U.S. at 325-26,114 S.Ct. at 1530. In evaluating whether a reasonable person would believe his freedom has been restrained to the degree of a formal arrest, we are to look only to the objective facts surrounding the detention. State v. Ortiz, 382 S.W.3d 367, 372 (Tex.Crim.App.2012). We do not consider the subjective views harbored by either the interrogating officers or the person being questioned. Stansbury, 511 U.S. at 323,114 S.Ct. at 1529. The subjective intent of law enforcement officials to arrest is irrelevant unless that intent is somehow communicated or otherwise manifested to the suspect. Dowthitt, 931 S.W.2d at 254, citing Stansbury, 511 U.S. at 324-25, 114 S.Ct. at 1530. Any undisclosed subjective belief of the suspect that he is guilty of an offense should not be taken into consideration — the reasonable person standard presupposes an innocent person. Ortiz, 382 S.W.3d at 373; see Dowthitt, 931 S.W.2d at 254, citing- Florida v. Bostick, 501 U.S. 429, 438, 111 S.Ct. 2382, 2388,115 L.Ed.2d 389 (1991).
Texas courts have identified four general situations which may constitute custody: (1) when the suspect is physically deprived of his freedom of action in a significant way; (2) when a law enforcement official tells a suspect ■ he cannot leave; (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) if there is probable cause to arrest and law enforcement officials do not tell the suspect that he may leave. Dow-thitt, 931 S.W.2d at 255, citing Shiflet v. State, 732 S.W.2d 622, 629 (Tex.Crim.App.1985). The first three situations require that the restriction on a suspect’s freedom of movement must reach “the degree associated with an arrest” instead of an investigative detention. Saenz, 411 S.W.3d at 496; Dowthitt, 931 S.W.2d at 255. The fourth situation requires a showing that the officer manifested his knowledge of probable cause to the suspect by word or deed. Saenz, 411 S.W.3d at 496; Dow-thitt, 931 S.W.2d at 255; see Stansbury, 511 U.S. at 325, 114 S.Ct. at 1530 (an officer’s knowledge or beliefs regarding probable cause may bear upon the custody issue if they are conveyed, by word or deed, to the individual being questioned). Custody is not established by the fourth situation unless the manifestation of probable cause combined with other circumstances of the interview, such as duration or factors of the exercise of police control over a suspect, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest. Saenz, 411 S.W.3d at 496; Dowthitt, 931 S.W.2d at 255-57. The defendant has the burden of proving that a statement was the product of a custodial interrogation. Herrera v. State, 241 S.W.3d 520, 526 (Tex.Crim.App.2007).

The First Statement

J.T.M. made two statements to the police indicating he was in possession of marihuana: (1) when Officer Hernandez asked him if he had any drugs, J.T.M. answered “weed” and pulled it out of his pocket; and (2) when Officer Mata asked J.T.M. following his arrest whether he had any more marihuana in the Tahoe, J.T.M. answered affirmatively. Because the circumstances in which each statement was made are different, we will analyze the statements separately.
The evidence does not support a conclusion that any of the first three situations apply with regard to the first statement. Moreover, J.T.M. has restricted his argument on appeal to custody under the *463 fourth situation. More specifically, J.T.M. complains that he was in custody because the officers had probable cause to arrest him for a curfew violation and minor in possession of alcohol and the officers did not tell him he was free to leave. J.T.M. argues that a reasonable person in the juvenile’s shoes would not have felt free to leave. The police officers’ failure to tell J.T.M. that he was free to leave does not, standing alone, establish custody. See Saenz, 411 S.W.3d at 497. For custody to be found, the officers had to manifest their knowledge or beliefs regarding probable cause to J.T.M., and even then, custody does not exist unless a reasonable person of J.T.M.’s age would have believed, under the totality of the circumstances, that he was under restraint to the degree associated with a formal arrest. J.T.M. does not address whether the evidence shows that the officers manifested their knowledge of probable cause to him.
J.T.M. asserts that he was in custody because he had been called over to the patrol unit by the officers, he was subjected to a brief pat-down, and the officers subjectively believed J.T.M. was not free to leave. This argument misses the mark because a person is not free to leave during the course of the investigative detention and suspects are often subjected to a pat-down during the course of an investigative detention. Whether a person is under arrest or subject merely to a temporary investigative detention is a matter of degree and depends upon (1) the length of the detention, (2) the amount of force employed, and (3) whether the officer actually conducts an investigation. Mount v. State, 217 S.W.3d 716, 724 (Tex.App.Houston [14th Dist.] 2007, no pet.). The record does not demonstrate the precise amount of time the officers detained J.T.M. at the scene before asking the question which led to discovery of the marihuana in his pocket, but it appears from the officers’ testimony that the encounter to that point was brief. The officers performed a quick pat-down search of each juvenile and spoke to them while standing beside the patrol car. They did not handcuff J.T.M., put him in the back of the patrol car, or employ any other type of physical restraint typically associated with an arrest. Consistent with the purpose of the temporary detention, the officers engaged in an investigation to confirm or dispel their suspicion that J.T.M. and his friend were underage and in possession of alcohol by determining the age of the young men and retrieving the liquor bottles the officers had seen them throw underneath a vehicle. There is no evidence in the record before us that the officers manifested their knowledge or belief regarding probable cause to J.T.M. prior to asking him whether he had any drugs.
Based on the totality of the circumstances, we conclude that a reasonable sixteen-year-old would not have believed he was under restraint to the degree associated with a formal arrest at the time the officer asked him whether he had any drugs. Consequently, the trial court did not err by denying J.T.M.’s motion to suppress the first statement or the marihuana seized from his pocket.
Even if the statement had been obtained in violation of Miranda and Article 51.095, it would not result in suppression of the marihuana which J.T.M. removed from his pocket and placed on the hood of the patrol car. The “fruit of the poisonous tree” doctrine espoused in Wong Sun does not apply to mere violations of the prophylactic requirements in Miranda. Baker v. State, 956 S.W.2d 19, 22 (Tex.Crim.App.1997), citing Michigan v. Tucker, 417 U.S. 433, 452, 94 S.Ct. 2357, 2368, 41 L.Ed.2d 182 (1974) and Oregon v. El-stad, 470 U.S. 298, 314, 105 S.Ct. 1285, *464 1296, 84 L.Ed.2d 222 (1985). The statement taken in violation of Miranda must be suppressed, but other evidence subsequently obtained as a result of that statement (i.e. the “fruits” of the statement) need not be suppressed. Id. The rule in Wong Sun requires suppressing the fruits of a defendant’s statement only when the statement was obtained through actual coercion. Baker, 956 S.W.2d at 22, citing Tucker, 417 U.S. at 448-49, 94 S.Ct. at 2365-67 and Elstad, 470 U.S. at 314, 105 S.Ct. at 1296. Similarly, the state exclusionary rule found in Article 38.23[2] of the Texas Code of Criminal Procedure does not require suppression of evidence obtained as a result of a statement taken in violation of Miranda. In re H.V., 252 S.W.3d 319, 327-28 (Tex.2008); Baker, 956 S.W.2d at 24.

The Second Statement

It is undisputed that J.T.M. had been placed under formal arrest at the time he made the second statement and he was not taken to a magistrate and admonished as required by Article 51.095. There is no evidence the officers admonished him as required by Miranda prior to asking him whether he had any additional marihuana in the Tahoe. Consequently, this statement is inadmissible and should have been suppressed by the trial court. The marihuana seized from the vehicle is not subject to suppression as the fruit of this violation of Miranda and Article 51.095 under either the federal or state exclusionary rules. In re H.V., 252 S.W.3d at 327-28; Baker, 956 S.W.2d at 24.

Harm Analysis

Having found that it was error to deny the motion to suppress J.T.M.’s post-arrest statement that there was additional marihuana in his vehicle, we must decide whether the trial court’s judgment should be reversed. See Tex.R.App. P. 44. The Texas Supreme Court has not determined whether the criminal or civil standard for harm applies to a juvenile case. See In re D.I.B., 988 S.W.2d 753, 756 (Tex.l999)(stating it had not decided whether the civil or criminal harm standard applied, but applying the civil standard because the State urged application of the rule and juvenile did not argue otherwise). Juvenile cases are quasi-criminal in nature as certain aspects of the trial are governed by the Code of Criminal Procedure and the rules of evidence applicable to criminal cases. Tex. Fam.Code ANN. § 51.17; In re D.I.B., 988 S.W.2d at 756. An appeal from an order of a juvenile court is to a court of appeals as in civil cases generally. See Tex. Fam.Code Ann. § 56.01(a). Thus, appellate courts apply the Rules of Appellate Procedure applicable to civil cases as far as practicable. See In re D.I.B., 988 S.W.2d at 756.
In a criminal case, the erroneous denial of a motion to suppress a statement taken in violation of Miranda is constitutional error subject to review under Rule 44.2(a)’s standard. See Jones v. State, 119 S.W.3d 766, 777 (Tex.Crim.App.2003). That rule requires us to reverse unless we conclude beyond a reasonable doubt that the error did not contribute to the defendant’s conviction or punishment. See Tex.R.App. P. 44.2(a). The emphasis of a harm analysis pursuant to Rule 44.2(a) should not be on “the propriety of the outcome of the trial.” Scott v. State, 227 S.W.3d 670, 690 (Tex.Crim.App.2007). The question for the reviewing court is not whether the jury verdict was supported by the evidence. Id. Instead, the question is the likelihood that the constitutional error was actually a contributing factor in the *465 jury’s deliberations in arriving at that verdict. Id. In other words, the question is whether the error adversely affected the integrity of the process leading to the conviction. Id. In the context of a plea-bargain case, we consider whether the erroneous ruling contributed in some measure to the State’s leverage in the plea bargaining process. See Holmes v. State, 323 S.W.3d 163, 174 (Tex.Crim.App.2010) (op. on reh’g).
The civil standard for harm does not distinguish between constitutional and non-constitutional errors and we would reverse only if the error (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals. Tex.R.App. P. 44.1(a). This standard falls somewhere between Rule 44.2(a) and Rule 44.2(b) which applies to non-constitutional error in criminal cases. Under Rule 44.2(b), any non-constitutional error that does not affect substantial rights must be disregarded. Tex.R.App. P. 44.2(b); Barshaw v. State, 342 S.W.3d 91, 93-94 (Tex.Crim.App.2011). A conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. Cobb v. State, 85 S.W.3d 258, 272 (Tex.Crim.App.2002).
We believe that constitutional error in juvenile cases should be analyzed for harm under Rule 44.2(a)’s standard because it is more protective of the juvenile’s rights than Rule 44.1(a) as it examines the impact of the error on the integrity of the process leading to the juvenile’s plea of true. See In re D.A.R., 73 S.W.3d 505, 513 (Tex.App.-El Paso 2002, no pet.) (examining harm from court’s failure to suppress statement made in violation of Article 51.05 under Rule 44.2(a)’s standard and finding evidence harmful because the adverse ruling likely impacted the juvenile’s decision to plead true); see also In re D.J.C., 312 S.W.3d 704, 721-22 (Tex.App.Houston [1st Dist.] 2009, no pet.) (applying Rule 44.2(a) to erroneous admission of juvenile’s statement taken during custodial interrogation and in violation of Section 52.02 of Family Code).
Under Rule 44.2(a)’s standard, we must consider whether J.T.M.’s admission that he had additional marihuana in his vehicle contributed in some measure to the State’s leverage in the plea bargaining process. The admissible evidence consisted of J.T.M.’s admission that he had marihuana in his pocket, the marihuana he pulled out of his pocket, and the additional marihuana taken from his vehicle along with the scales and cash also found in the vehicle. J.T.M.’s friend told the police that they drove to the party in J.T.M.’s Tahoe and the keys to the vehicle were found in J.T.M.’s pocket following his arrest. Given this state of the evidence, suppression of J.T.M.’s statement to Mata that there was additional marihuana in the vehicle would not have diminished the State’s leverage in the plea bargaining process. Accordingly, we conclude beyond a reasonable doubt that the constitutional error is harmless under Rule 44.2(a).
Alternatively, we hold that the error is harmless under Rule 44.1(a)’s harm standard because the record does not support a conclusion that the trial court’s error probably caused the rendition of an improper judgment. The State had substantial evidence supporting a finding that J.T.M. knowingly exercised care, custody, and control of the marihuana found in his pocket. Based on the evidence admitted at the suppression hearing, the State had sufficient evidence affirmatively linking J.T.M. to the marihuana found in his vehi *466 cle even without his post-arrest statement made to Officer Mata that he had additional marihuana in the vehicle. Consequently, suppression of his second statement would not have reduced the State’s bargaining power. We conclude that the trial court’s failure to suppress the second statement probably did not cause the rendition of an improper judgment. Accordingly, we overrule J.T.M.’s sole issue and affirm the judgment of the juvenile court.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Tex.Code Crim. Proc. Ann. art. 38.23 (West 2005).