**Opinion issued September 4, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00955-CR

————————————

## JULIO GARCIA JIMENEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 09CR1846

## O P I N I O N

After finding that Julio Garcia Jimenez violated the terms of his deferred–adjudication community supervision by illegally re–entering the United States, the trial court adjudicated him guilty of aggravated sexual assault of a child and assessed his punishment at eight years' imprisonment. The trial court also assessed

$643.50 in attorney's fees against Jimenez. On appeal, Jimenez contends that the trial court erred in (1) admitting a custodial statement that he had made to his community supervision officer; and (2) failing to order a presentence investigation. Jimenez further contends that (3) insufficient evidence supports the trial court's finding that Jimenez illegally re–entered the United States; and (4) the judgment should be modified to delete the assessment of attorney's fees. The State agrees with Jimenez on issue (4) but disagrees with Jimenez on issues (1), (2), and (3). We modify the trial court's judgment to delete the award for attorney's fees and affirm the judgment as modified.

## Background

In November 2010, Jimenez pleaded guilty to aggravated sexual assault of a child stemming from a 2008 incident involving a thirteen–year–old girl. A community supervision officer conducted a presentencing investigation. The trial court deferred adjudication and placed Jimenez on ten years' community supervision. The following month, Jimenez was deported to Mexico.

In January 2011, Jimenez illegally re–entered the United States. In September 2011, a federal district court convicted Jimenez of illegal re–entry, assessed his punishment at thirty–three months' imprisonment, and recommended that he be imprisoned in or near Missouri.

2

In June 2011, the State moved to adjudicate guilt and to revoke Jimenez's community supervision. The State alleged that Jimenez had violated his community supervision agreement by illegally re–entering the United States. In May 2013, the Galveston County Sheriff's Office transferred Jimenez from a federal prison in Greenville, Illinois to a state prison in Galveston County, Texas.

In June 2013, Karen Saunders, Jimenez's community supervision officer, interviewed Jimenez pursuant to her obligation as his community supervision officer to meet with him every three months. Saunders did not warn Jimenez pursuant to article 38.22 of the Code of Criminal Procedure and *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a)(2) (West 2005). In response to a series of questions listed in a one–page "Probationer's Monthly Report," Jimenez wrote: "I was deported. I was caught by the river." Three months later, Saunders interviewed Jimenez again, and Jimenez completed the same form.

*Course of proceedings*

During the revocation hearing's guilt–innocence phase, the trial court admitted Jimenez's statement to Saunders over Jimenez's objection. The trial court found the State's allegation that Jimenez illegally re–entered the United States to be true and granted the State's motion to adjudicate Jimenez guilty of aggravated sexual assault of a child.

3

Before the punishment hearing, Jimenez requested a presentence investigation. The trial court implicitly denied Jimenez's request. The trial court assessed his punishment at eight years' imprisonment.

**Discussion**

## I.     Admission of evidence

Jimenez contends that article 38.22 of the Code of Criminal Procedure and the Fifth Amendment of the U.S. Constitution bar the admission of his written statement to his community supervision officer, because he gave it during a custodial interrogation without having received the requisite warnings. Jimenez also contends that his Sixth Amendment right to counsel bars the admission of his statement, because the interview with the community supervision officer was a "critical stage" of a criminal proceeding.

Assuming, without deciding, that the admission of this written statement violated article 38.22, the Fifth Amendment, and the Sixth Amendment, we conclude that the trial court's failure to suppress the statement was harmless error. Reversal is required unless we can determine, beyond a reasonable doubt, that the failure to suppress Jimenez's statement did not contribute to his adjudication of guilt. *See Jones v. State*, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003); TEX. R. APP. P. 44.2(a). We must "judge the magnitude of the error in light of the evidence as a whole to determine the degree of prejudice to the defendant resulting from that

4

error." *Jones*, 119 S.W.3d at 777 (quoting *United States v. Polanco*, 93 F.3d 555, 562–63 (9th Cir. 1996)) (internal quotation omitted).  If there is a reasonable likelihood that the error materially affected the judge's deliberations, the error was not harmless.  *See id.*  We must "calculate, as nearly as possible, the probable impact of the error . . . in light of the other evidence."  *McCarthy v. State*, 65 S.W.3d 47, 55 (Tex. Crim. App. 2001), *quoted in Jones*, 119 S.W.3d at 777.  If the State proffers abundant admissible evidence of a defendant's guilt, then we may find, beyond a reasonable doubt, that the improperly admitted statement did not contribute to a defendant's adjudication of guilt.  *See Akins v. State*, 202 S.W.3d 879, 892 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding that overwhelming evidence of element of crime rendered *Miranda* error harmless when improperly admitted statement went to same element); *Jordy v. State*, 969 S.W.2d 528, 533 (Tex. App.—Fort Worth 1998, no pet.) (same); *In re J.T.M.*, No. 08-12-00102-CV, 2014 WL 949949, at *7 (Tex. App.—El Paso Mar. 12, 2014, no pet.) (applying similar rule in plea bargaining context).

In this case, Jimenez challenges the admission of his response to a series of questions listed in a one–page "Probationer's Monthly Report."  There, he wrote: "I was deported.  I was caught by the river."  But, at the revocation hearing, the State proffered, without objection, a federal district court judgment of conviction against Jimenez for illegally re–entering the country.  Saunders also testified that

Jimenez illegally re–entered the United States on January 6, 2011, was convicted of that crime in federal court, and was sentenced to thirty–three months' imprisonment. Jimenez's stepfather similarly testified that Jimenez was arrested for illegal re–entry "in a town in the border," and Jimenez's mother testified that Jimenez was arrested by the federal government "close to the river." Given the abundant evidence of Jimenez's illegal re–entry, we find, beyond a reasonable doubt, that any error in failing to suppress Jimenez's statement did not contribute to the adjudication of his guilt; accordingly, it was harmless. *See Jones*, 119 S.W.3d at 777; *Akins*, 202 S.W.3d at 892; *Jordy*, 969 S.W.2d at 533; *J.T.M.*, 2014 WL 949949, at *7; TEX. R. APP. P. 44.2(a).

## II.  Sufficiency of the evidence

Jimenez further contends that legally insufficient evidence supports the trial court's finding that he violated a condition of his community supervision agreement by illegally re–entering the United States.

*Standard of review*

To revoke community supervision, the State must prove that a defendant violated a condition of the community supervision agreement by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d. 860, 864–65 (Tex. Crim. App. 2013). In this context, a preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant

6

has violated a condition of his [community supervision agreement]." *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. 2006), *quoted in Hacker*, 389 S.W.3d at 865. Evidence is legally sufficient when it is "more than a scintilla" but not when "the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence." *Hacker*, 389 S.W.3d at 865 (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010)) (internal quotation omitted).

*Analysis*

To establish that a defendant has been convicted of a prior offense, the State must prove that (1) a prior conviction exists; and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove both of these elements in multiple ways, including (1) a defendant's admission or stipulation; (2) testimony by a person who was present when the person was convicted of the specified crime and who can identify the defendant as that person; or (3) documentary proof, such as a judgment, that contains sufficient information to establish the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22; *see also Littles v. State*, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984).

The State proffered, without objection, a federal district court judgment against "Julio Cesar Jimenez–Garcia" for illegally re–entering the country. The State showed that "Julio Jimenez–Garcia" is one of Jimenez's aliases. Jimenez's

7

mother testified that Jimenez's full name is "Julio Cesear Jimenez Garcia." Saunders testified that Jimenez illegally re–entered the United States on January 6, 2011, was convicted of that crime in federal court, and was sentenced to thirty–three months' imprisonment. Jimenez's mother also testified that Jimenez was arrested by the federal government "close to the river." Jimenez's stepfather testified that Jimenez was arrested for illegal re–entry "in a town in the border." In the judgment, the federal district court recommended that the defendant be imprisoned in or near Missouri. The Galveston County Sheriff's Office arrested Jimenez in a federal prison in Greenville, Illinois, approximately fifty miles from St. Louis, Missouri.[1] A Galveston County police officer identified Jimenez as the inmate transferred from Greenville, Illinois. We hold that legally sufficient evidence established Jimenez's conviction for illegal re–entry. Because any violation of state or federal law is a breach of Jimenez's community supervision agreement, we hold that legally sufficient evidence supports the trial court's finding that Jimenez violated a condition of that agreement.

---

[1] We take judicial notice of the fact that Greenville, Illinois is approximately fifty miles from St. Louis, Missouri. *See Volosen v. State*, 227 S.W.3d 77, 81 (Tex. Crim. App. 2007) ("Where a matter is appropriately subject to judicial notice, an appellate court can take judicial notice for the first time on appeal.").

## III. Presentence Investigation

*Preservation of error*

To preserve error for appellate review, a complaint must be made to the trial court "by a timely request, objection, or motion that . . . states[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The record also must show that the trial court either "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2)(A), (B). A complaint must "simply be clear enough to provide the judge and the opposing party an opportunity to address and, if necessary, correct the purported error." *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (citing *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009)).

Before the punishment hearing, Jimenez's counsel stated: "[B]efore we get [to the punishment hearing], I would request—so, I don't want to waive it now—I would request that a PSI be conducted." After Jimenez's counsel stated the grounds for his request, the trial court concluded: "I don't see anything to be gained by putting [the punishment hearing] off . . . So, let's go forward with any evidence. If at the end of that time I feel there's a need for something further, I

9

will give you the opportunity to produce something." Jimenez's counsel timely conveyed a specific request for a presentence investigation and stated the grounds for his request. The trial court implicitly denied Jimenez's request by proceeding with the punishment hearing.

The State contends that Jimenez did not properly object. But no "magic words" are necessary. *See id.* Because the trial court implicitly denied Jimenez's timely, specific request for a presentence investigation, we hold that Jimenez has preserved this issue for review. *See id.*

*Standard of review*

Statutory construction is a question of law that we review de novo. *Boston v. State*, 410 S.W.3d 321, 325 (Tex. Crim. App. 2013); *Druery v. State*, 412 S.W.3d 523, 533 (Tex. Crim. App. 2013).

*Analysis*

Article 42.12, section 9 of the Texas Code of Criminal Procedure generally requires that the trial court direct a community supervision officer to conduct a presentence investigation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (West 2006). In a felony case, however, a trial judge is not required to order a presentence investigation if one of the following exceptions applies:

(1)    punishment is to be assessed by a jury;

(2)    the defendant is convicted of or enters a plea of guilty or nolo contendere to capital murder;

10

(3)     the only available punishment is imprisonment; or

(4)     the judge is informed that a plea bargain agreement exists, under which the defendant agrees to a punishment of imprisonment, and the judge intends to follow the agreement.

*Id.* § 9(g).[2]  Here, the only exception that could apply is (g)(3), whether the only available punishment is imprisonment.

The trial court adjudicated Jimenez guilty of aggravated sexual assault of a child.  *See* TEX. PENAL CODE. ANN. § 22.021 (West 2011).  A trial judge may not order regular community supervision if the defendant is adjudged guilty of aggravated sexual assault under section 22.021 of the Penal Code.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(E).  A trial judge also may not order shock community supervision if the defendant is ineligible for regular judge–ordered community supervision.  *See id.* § 6(a)(1); *State v. Posey*, 330 S.W.3d 311, 315 (Tex. Crim. App. 2011); *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009).  Because imprisonment was the only punishment option, we hold that the trial judge did not err in failing to order a section 9 presentence investigation.  *Id.* § 9(g)(3); *see also Skinner v. State*, No. 06-00-00184-CR, 2001 WL 193882, at *2

---

[2]     We note that the holding in *Whitelaw v. State*, 29 S.W.3d 129, 134 (Tex. Crim. App. 2000), has been superseded by statute.  *See* Act of Sept. 1, 2005, 79th Leg., R.S., ch. 500, § 1, art. 42.12, sec. 9(g), 2005 Tex. Gen. Laws 1374 (amended 2005) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(g) (West. 2006)) (deleting "[u]nless requested by the defendant" language).

(Tex. App.—Texarkana Feb. 27, 2001, no pet.) (mem. op., not designated for publication) (holding that defendant, whom trial court had adjudicated guilty of aggravated sexual assault after defendant had violated community supervision agreement, was ineligible for judge–ordered community supervision and thus fit within section 9(g)(3) exception).

Jimenez further contends that the trial court erred in failing to order a presentence investigation under section 9A, which applies to sex offenders; that provision requires that the trial court direct a community supervision officer "to evaluate the appropriateness of, and a course of conduct necessary for, treatment, specialized supervision, or rehabilitation of the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9A(c). Although Jimenez's counsel requested a presentence investigation, Jimenez's counsel never specifically requested a section 9A presentence investigation, nor did he mention the separate presentence investigation requirement for sex offenders. Because Jimenez did not make the trial court aware of this specific complaint, we hold that Jimenez has failed to preserve error on this issue. *See* TEX. R. APP. P. 33.1(a); *cf. Nguyen v. State*, 222 S.W.3d 537, 541 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding that right to section 9 presentence investigation is forfeitable by inaction); *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd) (same).

**Conclusion**

Because we find, beyond a reasonable doubt, that the failure to suppress Jimenez's statement did not contribute to his adjudication of guilt, we hold that any error in its admission was harmless. We also hold that legally sufficient evidence supports the trial court's finding that Jimenez violated a condition of the community supervision agreement. We further hold that the trial judge did not err in failing to order a section 9 presentence investigation. But, based on the State's agreement that the fee assessment was in error, we modify the judgment to delete the assessment of $643.50 in attorney's fees against Jimenez. Accordingly, we affirm the judgment as modified.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Publish. *See* TEX. R. APP. P. 47.2(b).