**Affirmed as Modified; Opinion Filed January 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00261-CR**

**No. 05-13-00262-CR**

**No. 05-13-00263-CR**

**No. 05-13-00264-CR**

**MARQUIS OBRIAN WHITE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-56960-U, F12-57100-U, F12-71366-U, F12-71367-U**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Marquis Obrian White pleaded guilty to two charges of aggravated sexual assault and two charges of sexual assault of a child. White entered an open plea of guilty to the charges, and pleaded true to two enhancement paragraphs. In each case, the trial court sentenced White to life imprisonment and assessed fines; the trial court ordered the sentences to run consecutively. In two issues, White argues the trial court abused its discretion by failing to order a presentence investigation and the trial court failed to consider the full range of punishment options. We modify the trial court's judgments to delete the assessments of fines. As modified, we affirm the judgments.

Both of White's issues arise from the trial judge's comments after the State rested its case. The judge said: "Because I'm going to deny your request for a PSI or a CATS evaluation. I think you preserved any kind of appeal issue if that's what you're requesting, but I'm going to deny that request. It's not something I'm even close to considering is probation." At the beginning of the proceedings, the trial judge informed White the range of punishment in each case was either "deferred probation or 25 to life." Although White maintains the trial court erred by failing to request a presentence investigation and by failing to consider probation, White was not entitled to either.

White pleaded guilty to two charges of aggravated sexual assault with a deadly weapon, *see* TEX. PENAL CODE § 22.021, and two charges of sexual assault of a child, *see id.* § 22.011. Aggravated sexual assault is a first degree felony. *Id.* § 22.021(e). Sexual assault of a child is a second degree felony. *Id.* § 22.011(f). However, because White also pleaded true to two enhancement paragraphs, the appropriate statutory punishment range was imprisonment for life, or for any term of not more than 99 years or less than 25 years. *See id.* § 12.42(d). A defendant is not eligible for community supervision if the person is sentenced to a term of imprisonment that exceeds 10 years, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(e)(1), or the person is convicted of an offense under section 22.021 of the penal code, *see id.* art. 42.12 §3g (a)(1)(E).

In his first issue, White complains the trial court failed to order presentencing reports. The code of criminal procedure states a "judge is not required to direct an officer to prepare a presentence report in a felony case under this section" if the "only available punishment is imprisonment." *Id.* art. 42.12 § 9(g)(3). As established above, the statutory punishment for an individual convicted of the offenses committed by White is imprisonment. Because White was not eligible for community supervision after being found guilty, the trial court did not err by failing to order any presentencing reports. *See Munoz v. State*, No. 03-12-00809-CR, 2014 WL

–2–

6208654, at *5 (Tex. App.—Austin Nov. 14, 2014, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(1)(E), 9(g)(3)) ("as appellant concedes in his brief, appellant was not entitled to have a PSI conducted in the instant case because the jury convicted him of multiple counts of aggravated sexual assault of a child, and thus he was not eligible for community supervision."); *Jimenez v. State*, 446 S.W.3d 544, 550-51 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(g)(3)) (defendant convicted of aggravated sexual assault not entitled to presentence investigation).

White also argues the trial court erred by failing to order a Comprehensive Assessment and Treatment Services (CATS) evaluation. When faced with a similar challenge, this Court previously stated: "Without any mandatory authority requiring the trial court to order a CATS evaluation, appellant cannot show the trial court abused its discretion by failing to order one." *Tollefsrud v. State*, No. 05-11-00857-CR, 2012 WL 2054789, at *2 (Tex. App.—Dallas June 8, 2012, no pet.) (mem. op., not designated for publication). Although the proceeding before the trial court in *Tollefsrud* was a motion to revoke probation, the same principle applies to White's case. White has not cited any authority—and we have not found any—requiring the trial court to order a CATS evaluation. We conclude the trial court did not err by refusing to order a CATS evaluation. We overrule White's first issue.

In his second issue, White argues the trial court failed to consider the full range of punishment options "when it pre-determined that Appellant would not receive probation before hearing all of the evidence." The code of criminal procedure specifically states an offender such as White, upon conviction, is not eligible for community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3(e)(1), 3g (a)(1)(E). Once the trial court found White guilty on his pleas, he was only eligible to serve a term of years. Therefore, to consider the entire range of

punishment, the trial court was not required to consider probation. We overrule White's second issue.

In each case, the trial court assessed punishment at life imprisonment, a $10,000 fine, and court costs. The statutory punishment for an individual convicted of the offenses committed by White is imprisonment for a term of years. *See* TEX. PENAL CODE § 12.42(d). The penal code does not authorize the trial court to assess fines against White. *See id.*; *see also Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd). Therefore, the portion of the trial court's judgments in which White was assessed fines were not authorized.

An appellate court may reform a judgment containing unauthorized punishment. *See Ex parte Johnson*, 697 S.W.2d 605, 607-08 (Tex. Crim. App. 1985); TEX. R. APP. P. 43.2. Because the fines were not authorized, we modify the judgments to delete the fines assessed against White.

In each case, we modify the judgment to delete the assessment of a fine. As modified, we affirm the trial court's judgments.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130261F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARQUIS OBRIAN WHITE, Appellant

No. 05-13-00261-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1256960-U.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court to **DELETE** the assessment of the $10,000 fine.

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of January, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARQUIS OBRIAN WHITE, Appellant

No. 05-13-00262-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1257100-U.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court to **DELETE** the assessment of the $10,000 fine.

As modified, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 7th day of January, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MARQUIS OBRIAN WHITE, Appellant

No. 05-13-00263-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1271366-U.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court to **DELETE** the assessment of the $10,000 fine.

As modified, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 7th day of January, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARQUIS OBRIAN WHITE, Appellant

No. 05-13-00264-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1271367-U.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court to **DELETE** the assessment of the $10,000 fine.

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of January, 2015.