

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00684-CR

Ricardo **YANES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Medina County, Texas
Trial Court No. 30085
Honorable Vivian Torres, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Patricia O. Alvarez, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed:  July 20, 2016

AFFIRMED

On February 4, 2015, Appellant Ricardo Yanes entered a plea of guilty for the offense of obstruction of a highway and was sentenced to confinement in the Medina County Jail for a term of 180 days, suspended and probated for a term of 180 days, and a $300.00 fine. Subsequently, the trial court revoked Yanes's probation and assessed punishment at confinement in the Medina County Jail for a term of sixty days. On appeal, Yanes contends the evidence is insufficient to support the revocation. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

On December 22, 2012, Yanes was arrested for Driving While Intoxicated—Second Offense. On February 4, 2015, the State agreed to reduce the charge to misdemeanor obstruction of a highway and Yanes entered a plea of guilty. The trial court assessed punishment at 180 days in the Medina County Jail, suspended and probated for a term of 180 days, and a $300.00 fine. The judgment required Yanes to comply with the Conditions of Community Supervision outlined in the judgment and the court ordered special provisions attached to the judgment as Supplement P and Supplement S.

In July of 2015, the State filed a Motion to Revoke Probation alleging Yanes violated the following conditions of his probation:

*Conditions of Community Supervision Contained in the Judgment*

1. DEFENDANT shall neither commit nor be convicted of any offense against the laws of the State of Texas, or any other state of the United States.

2. DEFENDANT shall report once monthly to the Supervision Officer as directed by the Court or Supervision Officer, and obey all rules and regulations of the COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT.

   . . .

4. DEFENDANT shall not purchase, sell, consume, possess, or transport any alcoholic beverage or any illegal drugs.

   . . .

15. DEFENDANT shall pay COURT COSTS, as set forth [in the judgment] to the Medina County Collections Officer.

16. DEFENDANT shall pay a FINE, as set forth [in the judgment] to the Medina County Collections Officer.

   . . .

20. DEFENDANT shall submit to random drug screening, testing, and/or urinalysis at the direction of the Community Supervision and Corrections Department. . . .

*Supplement S*

2.    DEFENDANT shall complete a DWI Education Second Offender Program [as ordered by the Court;

. . .

7.    DEFENDANT shall have [an] interlock device installed on his or her primary vehicle's ignition system as directed by his or her Community Supervision officer. . . .

The matter was called for a hearing on October 26, 2015. Michelle Quintanilla, Yanes's probation officer, testified Yanes was arrested on three felony charges: theft of property, engaging in organized criminal activity, and aggravated assault with a deadly weapon. Yanes also failed to report on February 24, 2015, June 15, 2015, June 30, 2015, and July 16, 2015. Quintanilla further testified Yanes failed to submit to drug testing on April 14, 2015, and April 15, 2015, and his urinalysis of May 14, 2015, tested positive for methamphetamines. Additionally, Yanes had not completed the DWI education class or installed the interlock device on his vehicle. Lastly, Quintanilla testified Yanes's financial arrearages included court costs of $160.00 and $300.00 for the fine.

Two of Yanes's children testified about his medical needs stemming from his open heart surgery and diabetes. Yanes also testified. He acknowledged "messing up," and his failure to report on several occasions. He argued the DWI class was at night and he could not see at night, but had never asked anyone to drive him to the class. He had not installed the interlock system on his vehicle and explained that his health issues made complying with the conditions of his probation very difficult. Finally, Yanes explained he was "doing the best that [he could] do," and requested the trial court provide him with additional time to make the payments still owed.

At the conclusion of the hearing, the trial court revoked Yanes's probation and assessed punishment at sixty days' confinement in the Medina County Jail. On appeal, Yanes contends the evidence was insufficient to support that he violated the conditions of probation.

## STANDARD OF REVIEW

In a probation revocation proceeding, "the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012); *see Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Dansby v. State*, 468 S.W.3d 225, 235–36 (Tex. App.—Dallas 2015, no pet.). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker*, 389 S.W.3d at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)); *accord Jimenez v. State*, 446 S.W.3d 544, 548–49 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

"For probation-revocation cases, we have described the appellate standard of review as whether the trial court abused its discretion." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 763). "[A]ppellate courts review the record only to ensure that the trial court did not abuse its discretion," *Leonard*, 385 S.W.3d at 576; *see also Kirk v. State*, No. 04-12-00518-CR, 2013 WL 3279376, at *1 (Tex. App.—San Antonio June 26, 2013, no pet.) (mem. op., not designated for publication), or act "without reference to any guiding rules or principles," *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or lies outside the zone of reasonable disagreement. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). "[A]s long as a trial court considers the factors in its decision whether to revoke a community supervision, a court is not required to weigh the factors in any particular manner." *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012). Proof of a violation of one condition of community supervision is sufficient to support the trial court's decision to revoke. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

**ANALYSIS**

As part of the motion to revoke, the State alleged Yanes failed to pay certain fines and fees which he was required to pay as a condition of his community supervision. Yanes does not dispute that he failed to pay the fine, attend the DWI education class, or install the interlock on his vehicle, but he contends other factors weighed against revoking his probation. Specifically, he argues that "due to the many equities present in [his] case, which include[d] his service in the Vietnam War, and the medical issues for which he had to have surgery, the trial court should have exercised its discretion, and kept [Yanes] on probation." Yanes further asserts he had not yet been indicted on the felony charges at the time of the revocation hearing and Yanes's frequent visits to the Veteran's Hospital prevented him from timely reporting to his probation officer.

As previously noted, at a revocation hearing, the trial judge is the sole judge of the weight to be given to a witness's testimony. *Hacker*, 389 S.W.3d at 865; *Jimenez*, 446 S.W.3d at 549. Although Yanes and his children discussed his medical condition, the probation officer testified Yanes never provided any documentation regarding his medical condition. She further explained when Yanes blamed his positive drug test on his medications, Yanes failed to provide any documentation supporting his assertion. Finally, the probation officer testified Yanes never told her that he could not report due to his medical condition and that she made several attempts to work with him regarding the required meetings.

Viewing the probation officer's testimony in the light most favorable to the judgment, we conclude the evidence is sufficient to support the trial court's finding that Yanes violated at least one of the terms and conditions of his community supervision. *See Pinon v. State*, No. 12-10-00400-CR, 2011 WL 3915653, at *1 (Tex. App.—Tyler Sept. 7, 2011, no pet.) (mem. op., not designated for publication) ("The testimony of a probation officer that a defendant is delinquent in paying fees has been found sufficient to support a trial court's decision to revoke community

supervision."); *see also Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). Thus, we conclude the trial court acted within its discretion in revoking Yanes's probation. *See Leonard*, 385 S.W.3d at 576.

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH