**Cathleen I. REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61763.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 26, 1979.

Michael E. Barrow, Houston (Court-appointed), for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation. Appellant was originally convicted of forgery by passing, an offense under V.T.C.A. Penal Code, Section 32.-21(a)(1)(B) and (b). Appellant's punishment was assessed at imprisonment for five years, probated. Probation was revoked, and appellant was sentenced to imprisonment for two to five years.

In her second supplemental brief appellant contends that the forgery indictment in this case is fundamentally defective for failure to allege that the writing she passed purported to be the act of another "who did not authorize that act." See Section 32.-21(a)(1)(A)(i) of the Penal Code.

The indictment alleges in pertinent part that appellant "did then and there unlawfully and with intent to defraud and harm, forge the writing duplicated below by passing it (knowing it was forged) to Charles Kirkland." A photocopy of the forged writing (a check) is attached to the indictment. The name of the maker on the check is different from that of the appellant, and the check is made out to appellant. On its face the check purports to be the act of another.

This Court has recently held that where the forged writing purports to be the act of another, the State must further allege in the indictment that it was the act of another "who did not authorize that act." *Landry v. State*, 583 S.W.2d 620 (Tex.Cr. App.1979, Opinion on Appellant's Motion for Rehearing); *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App.1979). The quoted statutory language constitutes an essential element of the offense and the failure to allege that language renders the indictment fundamentally defective. The indictment in this case is void under the authority of those decisions.

A fundamentally defective indictment may be collaterally attacked in an appeal from a revocation of probation. *Rejcek v. State*, 545 S.W.2d 164 (Tex.Cr. App.1977); *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976). Appellant's conviction, being based on a void indictment, cannot stand.

The judgment is reversed and the prosecution under the present indictment is ordered dismissed.

DOUGLAS, J., dissents.