Randall Wayne HISE, Appellant,

v.

The STATE of Texas, Appellee.

No. 66599.

Court of Criminal Appeals of Texas,
Panel No. 2.

July 14, 1982.

On Rehearing Oct. 20, 1982.

Linda Cangelosi, Austin, court appointed, for appellant.

Ronald Earle, Dist. Atty. and Ralph Graham, Asst. Dist. Atty., Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from an order revoking probation. On December 18, 1975, appellant entered a plea of guilty to the charge of attempted burglary of a building. Punishment, assessed by the court at 10 years confinement, was suspended and the term probated for 10 years.

In his first ground of error, the appellant contends the trial court erred by summarily revoking appellant's probation fourteen months after a hearing on a motion to revoke probation.

The record reveals that seven motions to revoke probation were filed after appellant was placed on probation. The Sixth Motion to Revoke Probation, alleging five technical violations, was filed on January 29, 1979. Appellant entered a plea of true to the motion on March 8, 1979.

At the hearing, the trial court stated the following:

"THE COURT: All right, I'll tell you what I'll do: If you want to enter a plea of true to this, I'll defer further proceedings and put you back out under the supervision of the probation department, which simply means you've pled to having violated your probation, and if I didn't like the way you acted, well, I could just send you on to the penitentiary.

\* \* \* \* \* \*

All right, I'll accept your plea of true and find that you have violated the terms and conditions of your probation, but I'm going to defer further action at this time. I'm not going to sentence you. I could go ahead and sentence you now for any term from 2 to 10 years, but I'm not going to do that. I'm going to release you back to the probation officer while I determine what to do with you. That will take me some time, and if you stay out of trouble, I may take a long time making that determination.

If you get in any more trouble, I'll just call it up and sentence you to the penitentiary because your probation has already been found to have been violated. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Good luck to you. Stay out of trouble this time, because there's no hearing or anything except to determine that you are the same Randall Hise that is on probation."

Approximately eight months later, on November 16, 1979, another motion to revoke probation was filed. On May 15, 1980, the trial court entered an order revoking appellant's probation, assessing his punishment based on the violation of probation found on May 8, 1979. Appellant's punishment was reduced to 5 years confinement.

Pursuant to this Court's recent decisions in *Rogers v. State,* 640 S.W.2d 248 (Opinion on State's Motion for Rehearing), and

*Wright v. State,* 640 S.W.2d 265. We sustain this ground of error.

■ This Court made clear in *Rogers* and *Wright* that once a probationer is returned to probation, after a hearing on a motion to revoke whether the court's action be termed "continuing probation" or "continuing the hearing", probation may not subsequently be revoked without any determination of a new violation.[1] See *Rogers v. State,* supra; *Wright v. State,* supra. To make such a determination, a hearing must be held at which evidence of a new violation be presented. See *Wright v. State,* supra. Because the appellant's probation was summarily revoked one year after his hearing, we sustain this ground of error.

■ We will discuss ground of error two, although the disposition of this case rests upon ground of error one. The appellant contends his conviction of attempted burglary cannot stand as it is based on a void indictment. A fundamentally defective indictment may be collaterally attacked in an appeal from a revocation of probation. See *Reed v. State,* 586 S.W.2d 870 (Tex.Cr.App. 1979).

The appellant argues that the indictment is fundamentally defective as it does not sufficiently allege acts which "amount[ed] to more than mere preparation that tend[ed] but fail[ed] to effect the commission of the [burglary] intended." See *Morrison v. State,* 625 S.W.2d 729 (Tex.Cr.App. 1981).

The indictment in the instant case charged in pertinent part that the appellant:

"did then and there attempt to enter a building owned by Al Beloff *by removing a window* therein, having at the time the specific intent to commit the offense of burglary, . . ." (Emphasis added)

■ We find the act of removing a window from the building the appellant intend-

1. At least four judges on this Court disagree that this should not be the law but the majority have decided otherwise and we are obligated to follow their view. See dissenting opinion in *Rogers v. State,* supra.

ed to burglarize was clearly an act which tended to effect an "intrusion" or "entry" to the building. Cf. *Pickett v. State,* 542 S.W.2d 868 (Tex.Cr.App.1976). This ground of error is overruled.

Based on determination of appellant's first ground of error, we reverse and remand the order revoking probation.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Judge.

This case comes before us on the State's motion for leave to file motion for rehearing. The record shows that on December 18, 1975, the appellant was found guilty of attempted burglary of a building. Punishment was assessed at ten years' probation. After appellant was placed on probation, seven motions to revoke probation were filed. The sixth motion to revoke probation, alleging five technical violations, was filed on January 29, 1979. On March 8, 1979, at the hearing on this motion to revoke, appellant entered a plea of true to these allegations. The trial court determined that appellant had violated the conditions of his probation as alleged. However, the hearing was deferred while the court considered whether or not to send appellant to the penitentiary. On May 15, 1980, the hearing on the motion to revoke was reconvened and the trial court ordered appellant's probation revoked. Appellant's punishment was reduced to five years' confinement. Notice of appeal was given.

In a panel decision handed down July 14, 1982, appellant's revocation of probation was reversed. The panel held that when the March 8, 1979 hearing was continued, due process mandated that appellant's probation could not be revoked without a determination of a new violation.

We note, however, that appellant never raised any due process objection in the trial court. For the reasons set forth in *Rogers v. State,* 640 S.W.2d 248, the State's motion for rehearing is granted and the order of

the trial court revoking the probation is affirmed.

ONION, P. J., and ROBERTS, CLINTON and TEAGUE, JJ., dissent.