Christopher Lee
**PENDERGRAFT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6–87–046–CR.

Court of Appeals of Texas,
Texarkana.

June 28, 1988.

Gary L. Waite, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

BLEIL, Justice.

Christopher Lee Pendergraft appeals from the revocation of his probation, contending that the information charging the underlying offense of which he was convicted is fundamentally defective. We agree and reverse the judgment.

On January 8, 1987, Pendergraft pleaded guilty to the misdemeanor offense of possession of a controlled substance on the basis of an information charging him with possession of Propoxyphene. The trial court sentenced him to six months' confinement (probated for one year), and a fine of $200.00. On July 16, 1987, upon a hearing on the State's motion to revoke probation, the trial court revoked probation and sentenced Pendergraft to ninety days' confinement.

Pendergraft's sole claim on appeal is that the information charging him with the underlying offense is fundamentally defective because it fails to allege an offense. The information alleges that he did possess "a controlled substance, namely: PROPOXYPHENE...." Pendergraft correctly complains that propoxyphene is not a specifically listed substance under the Controlled Substances Act, Tex.Rev.Civ.Stat. Ann. art. 4476–15 (Vernon Supp.1988), and that the information fails to allege whether propoxyphene is a derivative, salt, isomer or salts of isomers of a specifically listed substance under the Act.

Pendergraft orally raised the information defect at the hearing but did not provide a written motion to quash prior to the hearing. Ordinarily, a defendant who has been convicted on his plea of guilty before the court may not appeal without the trial court's permission, except on those matters which have been raised by written motion filed prior to trial. Tex.Code Crim.

Proc.Ann. art. 44.02 (Vernon 1979). And, a collateral attack on an original conviction is normally not permitted in an appeal from a revocation of probation. *Rice v. State*, 548 S.W.2d 725 (Tex.Crim.App.1977). However, a fundamentally defective indictment may be collaterally attacked in an appeal from revocation of probation. *Hise v. State*, 640 S.W.2d 271 (Tex.Crim.App.1982).

In a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but which is otherwise described in a penalty group (for example, an isomer of methamphetamine), such description is an essential element of the offense which must be alleged in the indictment or information in order to state an offense. *Ex parte Wilson*, 588 S.W.2d 905 (Tex.Crim.App.1979). Pendergraft correctly contends that propoxyphene is not specifically listed in the Controlled Substances Act and the information does not describe the substance or allege facts demonstrating that propoxyphene is a controlled substance. Therefore, the information fails to allege an essential element of the offense and is fundamentally defective.

Accordingly, we reverse the trial court's judgment.