# NO. 12-14-00342-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VERA LOUISE CLERKLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *OPINION*

Vera Louise Clerkley appeals her conviction for theft. After revoking her community supervision, the trial court sentenced her to one year in a state jail facility. In her sole issue on appeal, Appellant contends the trial court violated her right to due process by continuing the revocation hearing and then revoking without a finding of a new violation. We affirm.

## BACKGROUND

Appellant pleaded guilty to the offense of theft of property. On December 2, 2013, she was sentenced to confinement in a state jail facility for twenty-four months. The sentence was suspended and she was placed on community supervision for five years. On May 30, 2014, the State filed a motion to revoke her community supervision. Appellant was arrested and placed in jail on September 3, 2014.

A hearing on the motion to revoke was held on September 29, 2014. Appellant pleaded true to the allegations in the motion. Appellant's community supervision officer testified that she reported to his office only once, never made any payments, and never did any community service as required by the terms of her community supervision. Appellant testified that she did not make the scheduled payments because she did not have the money and she was afraid she would be arrested if she reported. She testified that she thought she could get the money to pay

what she owes and there is no reason that she cannot report and do her community service. After both sides rested, the court ordered a presentence investigation report (PSI) to be completed by October 20 and recessed the hearing.

At the October 20, 2014 hearing, counsel for Appellant argued that the trial court heard testimony at the prior hearing but continued the case, never revoking Appellant's community supervision. He argued that the State must bring new allegations and proof of new violations. The trial judge responded, "Well, we recessed it." The State explained that "we've already held the revocation hearing, and the Court revoked her probation. You had us come back after a PSI that was provided by . . . probation." The trial judge believed that he granted the motion to revoke but wanted a PSI report before he sentenced Appellant and considered obtaining the reporter's record of the first hearing to confirm. Ultimately, he decided that, rather than continue the hearing, he would pronounce the ruling at that time. The judge pronounced that he found the allegations against Appellant to be true and granted the State's motion to revoke.

The punishment phase began immediately. After asking the court to take judicial notice of the PSI report, the State rested. Appellant testified, reiterating that she could now pay what she owes. She stated that she is not contesting the fact that she did not report or do her community service. The trial court sentenced Appellant to one year in a state jail facility, giving her credit for time served. The judgment specifies October 20, 2014, as the date sentence was imposed. Appellant was credited with time served from September 3, 2014, to October 20, 2014.

REVOCATION

In her sole issue, Appellant contends the trial court erred in continuing the revocation hearing and then revoking her community supervision without a determination of a new violation, thus violating her right to due process.

**Applicable Law**

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law. *Tapia v. State*, No. PD-0729-14, 2015 WL 2255930, at *10 (Tex. Crim. App. May 13, 2015). In a community supervision revocation hearing, the trial court has the discretion to either continue, extend,

2

modify, or revoke the community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b-2) (West Supp. 2014). Furthermore, the trial court may continue the hearing for good cause shown by either the defendant or the State. *Id*. A violation of due process occurs where the trial court holds a hearing on the motion to revoke, finds the defendant has violated a condition of community supervision, but does not immediately render a decision, instead returns the defendant to community supervision, and subsequently orders revocation on the initial finding. *Wright v. State*, 640 S.W.2d 265, 269-70 (Tex. Crim. App. [Panel Op.]1982). Thus, once a defendant is returned to community supervision after a hearing on a motion to revoke, the trial court may not subsequently order revocation without any determination of a new violation. *Hise v. State*, 640 S.W.2d 271, 272 (Tex. Crim. App. [Panel Op.] 1982).

## Analysis

The docket sheet entry for September 29 states that the court heard the motion to revoke and Appellant pleaded true. The record indicates that the trial court heard evidence sufficient to support revoking Appellant's community supervision. Consistent with having revoked her community supervision and needing guidance on the appropriate sentence to impose, the trial court ordered a PSI report. It was necessary to continue the hearing to allow time for the report to be generated. Had the trial court continued Appellant's community supervision, there would be no need for a PSI report. Furthermore, the record indicates that Appellant was in jail from September 29 through October 20, which is consistent with her community supervision having been revoked. If the trial court had continued her on community supervision, she would not have remained in jail.

On October 20, the judge explained that he believed he had revoked Appellant's community supervision on September 29 and merely continued the hearing to wait for the PSI report. At that hearing, the court received the PSI and Appellant's testimony. The docket sheet entry for October 20 states that the court heard sentencing evidence.

Accordingly, the record supports a determination that Appellant's community supervision was revoked on September 29. She was not returned to community supervision, but rather, remained in jail while awaiting the sentencing hearing. The court was authorized to continue the hearing to obtain a PSI report. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b-2). Therefore, the State was not required to present evidence of a new violation. *See **Hise***, 640

S.W.2d at 272.  Appellant's right to due process was not violated by the trial court's actions in this case.  *See **Wright***, 640 S.W.2d at 270.  We overrule Appellant's sole issue.

### DISPOSITION

Because the trial court did not abuse its discretion in revoking Appellant's community supervision, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 22, 2015

NO. 12-14-00342-CR

**VERA LOUISE CLERKLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31399)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*