

**NUMBER 13-17-00598-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ERNEST TREVINO,**                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Ernest Trevino pled guilty to theft and was placed on community supervision. The trial court subsequently revoked his community supervision. Trevino argues on appeal that the trial court erred in revoking his community supervision. We affirm.

# I. BACKGROUND[1]

On October 14, 2014, Trevino pled guilty to theft, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03 (West, Westlaw through 2017 1st C.S.). Trevino was sentenced to two years' imprisonment in state jail but was placed on community supervision for three years. On April 6, 2017, the State filed a motion to revoke community supervision, alleging eight different violations of his community supervision, including the failure to: abstain from drugs and alcohol, report in person to the community supervision office, pay fines in association with his community supervision, submit to urine analysis for drug testing, and enroll in moral reconation therapy. On July 6, 2017, the motion was heard before the trial court. The State dropped the first allegation, but Trevino pled true to allegations two through seven. Pursuant to an agreed recommendation, Judge Flanigan continued Trevino on community supervision, extended his community supervision by two years, and sanctioned him to the Substance Abuse Felony Punishment Facility (SAFPF). Trevino was to remain in the Bee County Jail until such time he could be transported to the SAFPF.

However, on August 1, 2017, within thirty days of the ruling, Trevino filed a handwritten motion to withdraw his plea. On September 11, 2017, Trevino's attorney filed a motion for reconsideration or reduction of sentence and requested that Trevino be revoked from his community supervision. On September 14, 2017, the trial court held a status hearing to determine why Trevino was still incarcerated in the Bee County Jail instead of in the SAFPF. At the hearing, Trevino informed the trial court that he no longer wanted to be sent to SAFPF and he requested to be sentenced to state jail instead. When

---

[1] The State has not filed a brief to assist us in this appeal.

the trial court asked the State for its opinion on Trevino's motions, the State indicated that it would like to know the result of Trevino's health evaluation later that month before commenting on Trevino's motions. The trial court concluded the status hearing by setting the motions to be heard on September 28, 2017. On September 28, 2017, the trial court held a hearing Trevino's motions with the State, Trevino, and Trevino's attorney present. After a lengthy discussion on the course of action to take, the court noted, "I'm thinking if we do the SAFPF route that the medical care [Trevino] receives would be a little better." Trevino's attorney suggested, "Or revoke, give him a minimum term so then he can receive care on his own with his own family members." At the conclusion of the hearing, the trial court found Trevino guilty of theft, revoked Trevino from his community supervision, and sentenced him to two years' imprisonment in a state jail facility. This appeal ensued.

## II.    JURISDICTION

Because of the unusual procedures in this case, we need to determine if this Court has jurisdiction before proceeding. Whether a trial court has jurisdiction is a question of law that we review de novo. *See State v. Lee*, 437 S.W.3d 910, 911 (Tex. App.—El Paso 2014, pet. ref'd); *Moss v. State*, 13 S.W.3d 877, 883 (Tex. App.—Fort Worth 2000, pet. ref'd). A trial court's jurisdiction to revoke community supervision exists by virtue of the original indictment on which the trial court assessed the terms of community supervision. *Spruill v. State*, 382 S.W.3d 518, 520 (Tex. App.—Austin 2012, no pet.); *see LaBelle v. State*, 692 S.W.2d 102, 105 (Tex. Crim. App. 1985). Motions to revoke probation, however, do not serve to invoke the jurisdiction of the court. *Labelle*, 692 S.W.2d at 105. As stated in article 42.12 (now chapter 42A) of the code of criminal procedure, only the

court in which the defendant was tried may revoke probation. *Id*. (citing generally TEX. CODE CRIM. PROC. ANN. chap. 42A (Community Supervision)). That court's jurisdiction is first obtained through the indictment filed against the defendant and upon which his probation is assessed. *Id*. That court retains jurisdiction over a defendant while he is on probation. *Id*. Because the motion to revoke does not invoke the trial court's jurisdiction, "it is inherently incapable of containing a fundamental defect which prevents jurisdiction from attaching in the revoking court, thereby rendering that court's actions void." *Id*.

In this case, Trevino filed a motion to withdraw his previous plea of true and asked the trial court to re-consider his sentence. Trevino's pro se motion was filed within thirty days of the original revocation of his probation. Although there is no specific Texas criminal code provision that addresses a situation such as the current one, when a defendant files a motion for new trial within thirty days of the pronouncement of the sentence, the trial court is given a seventy-five-day period to rule on the motion for new trial or it is overruled by operation of law. *See* TEX. R. APP. P. 21.4, 21.8; *State v Davis*, 349 S.W.3d 535, 537–39 (Tex. Crim. App. 2011) (holding that Davis's motion for reconsideration or reduction of sentence was the functional equivalent of a motion for new trial on punishment). If we construe a similar timeframe in the type of scenario Trevino is in, then the trial court was within its plenary jurisdiction to consider Trevino's requests.

### III. REVOCATION OF COMMUNITY SUPERVISION

In his first issue, Trevino argues that the trial court erred by revoking his community supervision.

**A. Standard of Review and Applicable Law**

We review revocation of community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). To revoke a defendant's community supervision, the State need only prove a violation of a community supervision of the probation by a preponderance of the evidence. *See Hacker v. State,* 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* A single proven violation is all that is needed to affirm a trial court's order revoking a defendant's community supervision. *See Smith v. State,* 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

When reviewing an order revoking community supervision, we view all the evidence in the light most favorable to the trial court's ruling. *See Hacker,* 389 S.W.3d at 865. The trial court as fact-finder is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *See id.* Thus, if the record supports conflicting inferences, it must be presumed that the trial court resolved any such conflict in favor of its findings. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

**B.    Analysis**

Trevino argues that the trial court abused its discretion in revoking his community supervision because only the State can file a motion to revoke. Here, Trevino filed a pro se motion requesting to withdraw his plea of guilty and Trevino's counsel, pursuant to Trevino's desires, filed a motion for reconsideration or reduction of sentence, in which he requested that his community supervision be revoked. Trevino explained below that he would rather go to jail than the SAFPF. But now on appeal, Trevino appears to regret that decision and asserts that the trial court could not revoke his community supervision

because the State's motion to revoke from April of 2017 had already been ruled on. According to Trevino, revoking his community supervision would require "new violations and a new motion to revoke."

We first highlight the peculiarity of the circumstances before us. In the typical scenario, the State files a motion to revoke community supervision, alleging that the defendant violated the conditions of community supervision; then, if the trial court revokes community supervision, the defendant appeals that decision. Here, in contrast, the State filed a motion to revoke, and the trial court continued Trevino on community supervision after he pled guilty to most of the allegations. But then Trevino urged the court to revoke his own community supervision. Trevino now appeals the revocation of his community supervision, which he himself requested.

With that said, we conclude the trial court did not abuse its discretion in revoking Trevino's community supervision. It is true that "once a defendant is returned to community supervision after a hearing on a motion to revoke, the trial court may not subsequently order revocation without any determination of a new violation." *Clerkley v. State*, 515 S.W.3d 331, 332 (Tex. App.—Tyler 2015, no pet.) (citing *Hise v. State,* 640 S.W.2d 271, 272 (Tex. Crim. App. [Panel Op.] 1982); *Wright v. State,* 640 S.W.2d 265, 269–70 (Tex. Crim. App. [Panel Op.] 1982)). In *Hise*, the defendant's community supervision was revoked one year after he was returned to community supervision; in *Wright*, the defendant's community supervision was revoked two years and eight months after being returned to community supervision. *See Hise,* 640 S.W.2d at 272; *Wright,* 640 S.W.2d at 269–70. The present case is different at its core.

6

On July 6, 2017, the trial court found the allegations in the State's motion to revoke true but nonetheless continued Trevino on community supervision. Within thirty days, Trevino filed a motion to reconsider or reduce the sentence, requesting that his community supervision be revoked. In other words, this is not like *Hise* or *Wright* where the defendant's community supervision was removed months or years later without a new finding of a violation. *See Hise,* 640 S.W.2d at 272; *Wright,* 640 S.W.2d at 269–70. Rather, this is a case where a trial court, after holding a hearing, considering Trevino's withdrawal of his original plea of true and his motion to reconsider, within its plenary power, simply decided to change its disposition. *See Davis*, 349 S.W.3d at 538 (concluding that the trial court retained plenary power to modify its judgment because the defendant, within thirty days of his sentencing, filed a "Motion for Reconsideration or Reduction of Sentence" that was "functionally indistinguishable from the granting of a new trial on punishment"); *State v. Gomez*, No. 13-14-00585-CR, 2016 WL 744598, at *2 (Tex. App.—Corpus Christi Feb. 25, 2016, no pet.) (holding that the trial court had plenary power to grant defendant's motion to reconsider after his community supervision was revoked). Accordingly, the State did not need to file a new motion to revoke, and the trial court did not abuse its discretion. *See Rickels*, 202 S.W.3d at 763.

We overrule Trevino's first issue.

### IV. CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Trevino asserts that the sentence imposed by the trial court was disproportionate to the seriousness of the offenses committed. *See* U.S. CONST. amend. VIII.

### A. Standard of Review and Applicable Law

A sentence which falls within the limits prescribed by a valid statute is usually not excessive, cruel, or unusual. *See Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). However, the Eighth Amendment of the United States Constitution also requires that a criminal sentence be proportionate to the crime which was committed to avoid being cruel and unusual. *See* U.S. CONST. amend. VIII.; *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In analyzing a proportionality challenge, courts consider: (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the commission of the same crime in other jurisdictions. *See State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.). "However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *See Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a).

## B. Discussion

Trevino never raised the issue to the trial court that his punishment was excessive, disproportionate, or cruel and unusual; the trial court-imposed Trevino's sentence without any objections. He also did not file any post-trial motion to object to his sentence. In other words, Trevino complains that his sentence is cruel and unusual for the first time on appeal. Trevino acknowledges this but nonetheless asserts that "recent analysis of the Eighth Amendment . . . has led constitutional scholars to the proposition that the prohibition against cruel and unusual punishment cannot be waived by an individual." However, the law in Texas is that "almost all error—even constitutional error—may be

8

forfeited if the appellant failed to object." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *see* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151. We conclude that Trevino failed to preserve his Eighth and Fourteenth Amendment complaints.

Moreover, even assuming Trevino did preserve error, the sentence Trevino received was not excessive or disproportionate. State jail felonies, such as theft, carry a punishment range of one-hundred and eighty days to two years' imprisonment. *See* TEX. PEN. CODE ANN. § 12.33(a) (West, Westlaw through 2017 1st C.S.). Trevino received the maximum sentence possible, but it was still within the statutory range. *See Trevino,* 174 S.W.3d at 928. Therefore, we overrule his second issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of February, 2019.