# NO. 12-20-00200-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERRALD EUGENE MORELAND,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerrald Eugene Moreland appeals the trial court's order revoking his community supervision.  He raises three issues for our consideration.  We affirm.

## BACKGROUND

On October 29, 2018, Appellant was indicted for aggravated assault with a deadly weapon, a second degree felony, in Angelina County, Texas.[1]  On November 15, Appellant entered a plea bargain with the State wherein he agreed to enter a plea of "guilty" to the charged offense and the State would recommend five years deferred adjudication community supervision. Appellant pleaded "guilty" and the trial court followed the State's plea bargain recommendation, placing Appellant on deferred adjudication community supervision subject to certain terms and condition for five years.

On April 7, 2020, the State filed its "First Motion to Adjudicate or Revoke" Appellant's community supervision.  The State alleged eleven violations of Appellant's community supervision, including:

---

[1] *See* TEX. PENAL CODE Ann. §§ 12.33(a) (West 2019); 22.02 (a)(2), (b) (West 2019).

1. Committing the offense of assault family violence on or about September 28, 2019 in Angelina County, Texas.

2. Using, possessing, and/or consuming marijuana on or about January 17, 2020.

3. Using, possessing, and/or consuming cocaine on or about May 16, 2019.

4. Using, possessing, and/or consuming methamphetamines.

5. Failing to report in person to the community supervision officer at least once a month for the months of December 2018, October 2019, November 2019, February 2020, and March 2020.

6. Failing to work faithfully at suitable employment.

7. Failing to remain within Angelina County, Texas on or about October 2019.

8. Failing to complete community supervision hours.

9. Failing to make $60 monthly supervision payments for December 2018, January 2019, April 2019, June 2019, December 2019, and February 2020.

10. Failing to make … payments to the Angelina County District Clerk's Office and failing to set up a payment plan.

11. Failing to pay for a urinalysis fee.

The trial court conducted the bulk of the hearings on the State's motion remotely, by video conferencing, due to the terms of the COVID-19 disaster declaration and emergency orders. However, one hearing was conducted in person in the courtroom.

The State and Appellant disagree as to how Appellant pleaded to the allegations contained in the State's motion. According to Appellant, he pleaded "not true" to allegations one, five through eight, and ten, "true" to allegations nine and eleven, and entered no plea to allegations two through four. According to the State, Appellant also pleaded "true" to allegation two.

At the hearings, the State called Laura Rojas, Appellant's former girlfriend and the alleged victim in the assault family violence allegation. Additionally, the State called Jermaine Garner, an eyewitness to the alleged assault, Quentin Hawkins, a Lufkin Police Department Officer, who investigated the assault, and Elvia Santana, an employee of the Angelina County Community Supervision Corrections Department, to testify regarding Appellant's other community supervision violations.

Appellant called his mother, Debora Powell-Cooper, his sister, Giovanet Moreland Eugene, and Eric White, another witness to the alleged assault he committed against Rojas, to testify at his revocation hearing. In addition, Appellant testified on his own behalf. Following the conclusion of testimony and the arguments of counsel, the trial court found allegations one through four, five, nine, ten, and eleven to be "true," revoked Appellant's community supervision, and adjudicated Appellant "guilty." Appellant's counsel told the trial court he was not ready to proceed to sentencing because he required an additional witness. The State objected to continuing Appellant's sentencing. Thereafter, the trial court sentenced Appellant to imprisonment for six years. This appeal followed.

## DUE PROCESS VIOLATIONS

In his first issue, Appellant argues that the trial "[c]ourt violated due process and erred in not allowing [Appellant] to develop a record in his defense during his revocation hearing." Appellant argues that the trial judge's "conduct in rushing his revocation hearing and denying inquiry into relevant evidence reveals a lack of impartiality that violated [his] due process rights under Article 1, § 13 & 19 of the Texas Constitutions and Texas Code of Criminal Procedure § 1.04." The State responds that Appellant failed to preserve his complaints regarding the alleged due process violations because he did not object on those grounds during his revocation hearing, nor did he move for a new trial based upon judicial bias.

### Standard of Review and Applicable Law

We review an order revoking community supervision under an abuse of discretion standard. *Clerkley v. State*, 515 S.W.3d 331, 332 (Tex. App.—Tyler 2015, no pet.). The fundamental fairness principles contained in the Fourteenth Amendment to the United States Constitution and the due process principles contained in the Texas Constitution each apply to community supervision revocation hearings. *See Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015) ("The central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision case is whether the defendant was afforded due process of law."). Despite a judge's wide discretion in determining the appropriate punishment in a community supervision revocation hearing, due process requires the right to a hearing before a neutral and detached body. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014).

3

The general requirement that a contemporaneous objection must be made to preserve error for appeal is firmly established in Rule of Appellate Procedure 33.1. TEX. R. APP. P. 33.1(a) (requiring that, as a prerequisite to presenting a complaint on appeal, the record show a complaint was made to the trial court alleging specific grounds for the objection that comply with the Texas Rules of Evidence and that the trial court ruled, or refused to rule on, the objection.). But this rule is not absolute. *Grado*, 445 S.W.3d at 739. The court of criminal appeals has held that the general preservation requirement's application turns on the nature of the right allegedly infringed. *See Marin v. State*, 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Preservation of fundamental error law in Texas is governed by the *Marin* case. *See Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017); *see also Marin*, 851 S.W.2d at 278-279. In *Marin*, the court separated a defendant's rights into three separate categories:

1. Absolute rights that are widely considered so fundamental to the proper functioning of our adjudicatory process that they cannot be forfeited by inaction alone.

2. Non-forfeitable rights cannot be forfeited by mere inaction, but are waivable if the waiver is affirmatively, plainly, freely, and intelligently made. The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver.

3. Forfeitable rights must be requested by the litigant to be preserved for appellate consideration. Many rights of a criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction.

*See* 851 S.W.2d at 279. Rule 33.1's preservation requirements apply only to category three "forfeitable" *Marin* rights and requirements. *Burg v. State*, 592 S.W.3d 444, 449 (Tex. Crim. App. 2020). It does not apply to category one "absolute" or category two "waivable only" *Marin* rights and requirements which are fundamental to the proper functioning of our adjudicatory system. *Id.*

**Analysis**

Appellant argues that he was not obligated to object at trial to the judge's alleged bias and this Court can consider his complaints regarding judicial bias for the first time on appeal because "[t]he right to an impartial judge is an absolute right that can never be waived or forfeited." We construe his argument to be that the trial judge's actions and comments equated to fundamental error that requires no trial objection to present the issue to this Court. *See Proenza*, 541 S.W.3d

4

at 796 ("[T]he question of error preservation turns not upon the 'circumstances under which [an alleged error] was raised,' but upon the 'nature' of the error itself.") (quoting ***Ex parte Heilman***, 456 S.W.3d 159, 166 (Tex. Crim. App. 2015)). Texas courts have previously reviewed for fundamental error an unpreserved complaint that the trial court was not impartial. *See, e.g.,* ***Avilez v. State***, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); ***Arnold v. State****,* No. 05–07–00120–CR, 2008 WL 3307079, at *5 (Tex. App.-Dallas July 31, 2008, no pet.) (op., not designated for publication); ***Jaenicke v. State***, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

Appellant complains that the trial court's conduct, comments, and rulings show that the trial court was biased. Assuming without deciding that Appellant's complaint, if valid, implicates the type of systemic error that we may address for the first time on appeal, we consider whether the trial court's actions violated Appellant's right to an impartial judge.

Specifically, Appellant complains that the trial judge demonstrated bias in the following ways:

1. During Appellant's cross examination of his supervision officer, Elvia Santana, the trial court sustained the State's objection to asked and answered when Appellant sought to ask Santana if she was his supervision officer in December 2018 when he allegedly failed to report. The court told Appellant's counsel to "move on."

2. The court sustained the State's relevance objection during Appellant's counsel's cross examination of Santana when he asked her if Appellant had reported to the supervision office or had a field visit on any day in December 2018.

3. The trial court told the parties that it "didn't really care" about some of the testimony being elicited and was more interested in the allegations that Appellant failed at least one drug test and committed a new offense.

4. The trial court sustained the State's relevance objection when Appellant attempted to elicit testimony from his sister, Eugene, that she had seen Appellant and Rojas together more than ten times since the date of the alleged assault.

5. During the State's cross examination of Appellant, the prosecutor elicited testimony from Appellant about his failure to report. Appellant's counsel objected because the trial court sustained the State's objections to similar questions he asked Santana in the earlier hearing on the grounds that the trial court "was not as interested as to the reporting." The trial court responded "[t]hat's correct...I'm interested right now – I'm interested in the incident, and I've taken notice of the other allegations, and we are going to move on."

6. After the court found Appellant in violation of his community supervision, Appellant informed the court that there was no presentence investigation done in the case and further, that he wanted Appellant's Veteran's Affairs representative, a social worker, to testify on

5

behalf of Appellant. The State objected and the trial court sustained the objection and proceeded to sentencing.

Due process requires that a criminal trial be held "before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Avilez*, 333 S.W.3d at 673 (quoting *Bracy v. Gramley*, 520 U.S. 899, 905, 117 S. Ct. 1793, 1797, 138 L. Ed. 2d 97 (1997)). And due process will not permit a judge to assume the role of a prosecutor. *Avilez*, 333 S.W.3d at 673. It is important to note that not every complaint about a judge or the conduct of a trial implicates constitutional due process protections. *Id*. "Indeed, most matters relating to judicial disqualification [do] not rise to a constitutional level, and matters of kinship, personal bias, state policy, remoteness of interest, would seem generally to be matters merely of legislative discretion." *Id.* (internal quotations omitted). Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

Appellant does not argue that the trial court was biased in the sense of having a pecuniary or any other direct personal interest in the outcome of his case. Nor does he argue that, in regulating the testimony and conduct of his revocation hearings, the trial court functioned as a prosecutor, prejudged his case, became embroiled with him or his counsel, or showed a personal favoritism towards the prosecution. Thus, his complaints do not raise the kind of fundamental procedural unfairness that the United States Supreme Court has held to be an unconstitutional violation of due process rights. *See Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 820, 106 S. Ct. 1580, 1585, 89 L. Ed. 2d 823 (1986) (pecuniary interest); *Mayberry v. Pennsylvania*, 400 U.S. 455, 463, 91 S. Ct. 499, 504, 27 L. Ed. 2d 532 (1971) (personal embroilment with defendant or counsel); *Tumey v. State of Ohio*, 273 U.S. 510, 522, 47 S. Ct. 437, 441, 71 L. Ed. 749 (1927) (same); *In re Murchison*, 349 U.S. 133, 137, 75 S. Ct. 623, 626, 99 L. Ed. 942 (1955) (acting as prosecutor); *Abdygapparova v. State*, 243 S.W.3d 191, 206 (Tex. App.—San Antonio 2007, pet. ref'd) (favoring prosecution); *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, no pet.) (prejudging case).

Rather, Appellant's specific complaints, which he argues show judicial bias, implicate matters specifically within the trial court's discretion, i.e., the regulation of testimony, processing of evidence, and the general conduct of the hearing. *See Avilez*, 333 S.W.3d at 674. A review of the entire record shows the trial court exercised the kind of control contemplated by Rule 611 of

6

the Texas Rules of Evidence. *See* TEX. R. EVID. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to...make those procedures effective for determining truth; avoid wasting time; and protect witnesses from harassment or undue embarrassment."). We note that the reporter's records reflects that the trial court held four separate hearings on the State's motion to adjudicate Appellant's guilt. The trial court granted Appellant a continuance of the revocation proceedings to secure White's testimony regarding the allegation that Appellant assaulted Rojas. These actions by the trial judge do not support Appellant's argument that the trial court "rushed" his revocation proceeding. Moreover, with the exception of the trial court's refusal to order a PSI, which we will address, Appellant does not argue that the trial court abused its discretion in making any of the particular rulings which he alleges demonstrate judicial bias. Indeed, judicial rulings alone almost never serve as a valid basis for a bias or partiality motion and a trial court's opinion would not constitute bias unless it derives from an extrajudicial source or reveals such a high degree of favoritism or antagonism as to make fair judgment impossible. *Avilez*, 333 S.W.3d at 675 (citing ***Liteky v. United States***, 510 U.S. 540, 555–56, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994)).

Based on the foregoing, we conclude that the record does not clearly demonstrate bias or a violation of due process rights and Appellant has not overcome the presumption that the trial court acted correctly. *See **Brumit***, 206 S.W.3d at 645. Therefore, we overrule Appellant's first issue.

### FAILURE TO ORDER A PRESENTENCE INVESTIGATION

In Appellant's second issue, he argues that the trial court committed reversible error by not ordering a PSI prior to sentencing him as required by Article 42A.252 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC ANN. art. 42A.252 (a), (c) (West 2018). The State argues that Appellant failed to preserve error to make this complaint and alternatively, that, Appellant was not harmed by the trial court's failure to order a PSI.

**Discussion**

The code of criminal procedure requires the trial judge to direct a supervision officer to prepare a presentence report in a felony case unless (1) punishment is to be assessed by a jury, (2) the defendant is convicted of or enters a plea of guilty or nolo contendere to capital murder, (3) the only available punishment is imprisonment, or (4) the judge is informed that a plea

bargain agreement exists, under which the defendant agrees to a punishment of imprisonment, and the judge intends to follow that agreement. TEX. CODE CRIM. PROC ANN. art. 42A.252 (c), (1)-(4).

In this case, Appellant pleaded guilty and was granted deferred adjudication community supervision for aggravated assault with a deadly weapon. Appellant argues that "[i]n this case, imprisonment was not the only option...[t]he judge could have continued Appellant on supervision; therefore, this is a statutory mandated [sic] requirement before pronouncing sentence." Appellant is incorrect. After finding that Appellant violated his community supervision, the trial court adjudicated Appellant guilty of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (a)(2) (West 2019). A trial judge may not order regular community supervision if the defendant is adjudged guilty of a felony, and it is shown that a deadly weapon was used or exhibited during the commission of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054 (b) (West Supp. 2020) (Article 42A.053 does not apply to a defendant when it is shown that a deadly weapon was used or exhibited during the commission of a felony offense); *see also **Jimenez v. State**, 446 S.W.3d 544, 550 (Tex. App.—Houston [1st Dist.] 2014, no pet.); **Johnson v. State**, No. 02-04-00562-CR, 2006 WL 563341, at *1 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op., not designated for publication) (no error where trial judge failed to order PSI after adjudicating the appellant guilty of aggravated sexual assault of a child at revocation hearing because imprisonment was only punishment option).

Thus, after the trial court revoked Appellant's community supervision and proceeded to find him guilty of aggravated assault with a deadly weapon, the only available punishment was imprisonment. Under the express terms of Article 42A.252, the trial judge was not required to order a presentence investigation prior to sentencing Appellant, because the only available punishment option was imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.252 (c)(3); **Jimenez**, 446 S.W.3d at 551. We overrule Appellant's second issue.

## SUFFICIENCY OF THE EVIDENCE

In his third issue, Appellant argues that the trial erred in finding he violated his community supervision because the evidence is insufficient to support allegations one, two, three, four, five, nine, ten, and eleven contained in the State's motion to adjudicate guilt.

**Standard of Review**

To revoke community supervision, the State must prove by a preponderance of the evidence that a defendant violated a condition of community supervision. *Jimenez*, 446 S.W.3d at 549; *see also* **Pierce v. State**, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). In this context, a preponderance of the evidence means that greater weight of the credible evidence which would create a reasonable belief that the defendant violated a condition of his community supervision. *Jimenez*, 446 S.W.3d at 549. Evidence is legally sufficient when it is more than a scintilla but not when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence. *Id.* Proof by a preponderance of the evidence of a single violation of a condition of community supervision is sufficient to support a revocation. **Sanchez v. State**, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). A plea of true, standing alone, is sufficient to support a revocation of community supervision. **Cole v. State**, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). We review the trial court's decision regarding revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. **Garrett v. State**, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

**Discussion**

As discussed earlier, the parties disagree as to whether Appellant entered a plea of true to allegation two, the use of marijuana. However, the record reflects the following exchange took place on the record with respect to Appellant's plea to allegation two:

> The court: Okay. Pleading true to which ones?
>
> State's counsel: Allegations 2, 9 and 11 is what I show, Your Honor.
>
> The court: 2, 9 and 11 he is pleading true to?
>
> State's counsel: That's correct – or that's what the record – that's my understanding of what happened last time.
>
> The court: So we're pleading not true to allegations 1,3,4,5,6,7,8,9 and 10, correct?
>
> Appellant's counsel: That's correct, Your Honor.

Moreover, during Appellant's testimony, the following exchange took place with respect to allegation two:

State's counsel: Okay. So, let's talk about condition 2. You pled to that, right? You said that you – on or about January 17th of 2020, you admitted to possessing or using THC, right?

Appellant: Right. But I wasn't smoking. I went to a birthday party and they had some. When I seen my probation officer, I let her know right away.

On appeal, Appellant argues that he "only admitted to violation 2 in which he was around someone who was smoking marijuana and later tested positive[t] … court's [sic] need to reevaluate the constitutional issues of violating a person on a single drug test." The State counters that because Appellant pleaded true to allegations two, nine, and eleven, and pleas of true to a single allegation are sufficient to support revocation, we need not address Appellant's other contentions with regard to sufficiency.

The record supports the State's contention that Appellant pleaded true to allegation two. Moreover, the record supports the trial court's finding that allegation five was true. Santana, Appellant's community supervision officer, testified that Appellant failed to report in person in December 2018, October 2019, November 2019, February 2020, and March 2020 and did not attempt to contact her to reschedule his appointments. Because Appellant pleaded true to allegations two, nine, and eleven, and allegation five is supported by a preponderance of the evidence, we conclude that the evidence is sufficient to support the trial court's order revoking Appellant's community supervision and we overrule Appellant's third issue. *See* ***Jimenez***, 446 S.W.3d at 549; ***Sanchez***, 603 S.W.2d at 871; ***Cole***, 578 S.W.2d 127.

## CONCLUSION

Having overruled Appellant's three issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 30, 2021

NO. 12-20-00200-CR

**JERRALD EUGENE MORELAND,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0714)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*